```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-6-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NEWLIGHT EYEWEAR, LLC,

                        Plaintiff,                            13 Civ. 5602 (PKC)

      -against-                                    MEMORANDUM
                                                      AND ORDER

ART-OPTIC, LTD.

                        Defendant.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        Plaintiff Newlight Eyewear, LLC ("Newlight") creates and distributes hand-painted eyeglass frames. It seeks declaratory judgment that it has not infringed the copyrights of defendant Art-Optic, Ltd. ("Art-Optic"), and that Art-Optic's copyrights are not valid or enforceable. Newlight also brings a claim under New York law, asserting that Art-Optic tortiously interfered in its contractual relations with customers.

        Defendant Art-Optic moves to dismiss plaintiff's Amended Complaint (the "Complaint") pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 14.) For the reasons explained, the Complaint fails to set forth allegations that plausibly state a claim for declaratory relief concerning Art-Optic's copyrights. The Court declines to exercise supplemental jurisdiction as to plaintiff's tortious interference claim. The defendant's motion is therefore granted, and the Complaint is dismissed.

BACKGROUND

        In reviewing the Complaint, the Court accepts all non-conclusory factual allegations as true, and draws every reasonable inference in favor of the plaintiff as the non-movant. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).

Plaintiff Newlight describes itself as "a wholesale distributor of original hand painted eyeglass frames." (Compl't ¶ 1.) Defendant Art-Optic is a company located in Israel, and, like plaintiff, sells hand-painted eyeglass frames. (Compl't ¶ 2.) Plaintiff sells its frames under the brand name Matisse,[1] and defendant's frames are sold under the brand name Ronit Furst. (Compl't ¶¶ 1-2.) Both parties sell and distribute products in the United States, where they are direct competitors. (Compl't ¶ 3.) Federal subject matter jurisdiction is premised solely on plaintiff's claims for declaratory relief under the Copyright Act and the Declaratory Judgment Act. (Compl't ¶¶ 4-5.) Plaintiff also purports to invoke subject matter jurisdiction pursuant to the Lanham Act, even though no Lanham Act claim is raised. (Compl't ¶ 6.)

According to the Complaint, in 2004, the principals of Newlight entered into an agreement with Art-Optic to sell Art-Optic's Ronit Furst brand of eyeglass frames in the United States. (Compl't ¶ 9.) That agreement was terminated in 2006. (Compl't ¶ 10.) In 2008, defendant Art-Optic commenced an action in this District, alleging that Newlight and its principals infringed the copyrights of Art-Optic's designs. (Compl't ¶ 11; Art-Optic Ltd. v. Samuel Tomashover, et al., 08 Civ. 327 (MGC).) Its copyright allegations centered on Newlight's alleged counterfeiting of original Art-Optic designs, not infringement by the Matisse product line. (08 Civ. 327, Docket # 1, ¶¶ 24-31, 38-44.) Art-Optic voluntarily dismissed the action without prejudice. (Compl't ¶ 14.) According to the Complaint in this action, Art-Optic dismissed the case after Newlight established that it merely sold Ronit Furst frames that remained in its inventory after the distribution agreement expired. (Compl't ¶ 13.)

In the current complaint, Newlight asserts that Art-Optic "continues to harass" Newlight and its customers with spurious copyright infringement accusations. (Compl't ¶ 17.)

---

[1] Plaintiff's submissions alternately spell its brand as "Matisse" and "Mattisse." The Matisse spelling appears to predominate.

- 3 -

It alleges upon information and belief that Art-Optic and its agents are telling Newlight customers that Newlight's Matisse-brand frames are infringements, and that these customers therefore should not do business with Newlight. (Compl't ¶¶ 18-19.) According to Newlight, Art-Optic is making these infringement accusations despite knowing that they are false. (Compl't ¶ 20.)

Count I of the Complaint seeks a declaration that the eyeglass frames of plaintiff Newlight "do not infringe upon any valid copyright rights of the Defendant." (Compl't ¶ 24.) Count II seeks a declaration that defendant Art-Optic's "purported copyright rights, if any, are invalid and/or unenforceable under United States law." (Compl't ¶ 30.) Count III asserts that Art-Optic tortiously interfered with Newlight's contracts with its customers by discouraging them from doing business with Newlight. (Compl't ¶¶ 34-36.)

Defendant Art-Optic moves to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6). In addition to its contention that the plaintiff Newlight does not plausibly allege claims for declaratory judgment and tortious interference, it also argues that the Complaint should be dismissed pursuant to Rule 12(b)(5), Fed. R. Civ. P., because plaintiff did not successfully effectuate service of process in Israel pursuant to Article 10 of the Hague Convention. Plaintiff also argues that this action is barred by the res judicata effect of an action it brought against Newlight in Israel, wherein a Tel Aviv court found Newlight liable for tortiously "passing off" Ronit Furst designs. Because this Court concludes that the Complaint does not plausibly allege claims for declaratory judgment, it does not reach Art-Optic's alternative grounds for dismissal.

RULE 12(b)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Hence, although "'detailed factual allegations'" are not necessary in order to state a claim, id. (quoting Twombly, 550 U.S. at 555), in order to satisfy Rule 8, Fed. R. Civ. P., a complaint must still set forth "sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000).

DISCUSSION

    I.    The Complaint Sets Forth No Facts that Support a Plausible Claim for Declaratory Relief.

Counts I and II seek declaratory judgment that the Matisse brand of eyeglass frames does not infringe defendant's copyrights, and that, in any event, defendant's "purported copyright rights, if any, are invalid and/or unenforceable under United States law." (Compl't ¶¶ 22-31.)

"In order to demonstrate copyright infringement, a plaintiff must show ownership of a valid copyright and copying of the protectable elements of the copyrightable work." Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012). "To qualify for copyright protection, a work must be original – that is, it must be independently created by the author and possess 'at least some minimal degree of creativity.'" Id. (quoting Feist Publ'ns, Inc.

- 4 -

v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991)). As to the second requirement – the copying of protectable elements – the Second Circuit has described the word "copying" as "shorthand for the infringing of any of the copyright owner's five exclusive rights" described at 17 U.S.C. § 106. Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010) (quotation marks omitted). Those rights include the reproduction, distribution or sale of copyrighted works, as well as the preparation of derivative works based on the original copyright. 17 U.S.C. § 106.

A plaintiff establishes non-infringement of copyright "either when the similarity concerns only noncopyrightable elements of plaintiff work, or when no reasonable trier of fact could find the works substantially similar." Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986). In non-infringement claims that specifically involve the similarity of jewelry design, courts have applied both an "ordinary observer" test and a "discerning observer" test. R.F.M.A.S., Inc. v. Mimi So, 619 F. Supp. 2d 39, 64-65 (S.D.N.Y. 2009) (Marrero, J.). The holistic "ordinary observer test" evaluates the products' "total concept and feel" from the perspective of the "average lay observer," and the "discerning observer" test focuses only on whether the designs' protectable elements, standing alone, are substantially similar. Id. (collecting cases).

Separately, the Declaratory Judgment Act creates a remedy that permits a district court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts have discretion whether to grant declaratory relief. Sheet Metal Div. of Capital Dist. Sheet Metal, Roofing & Air Conditioning Contractors Ass'n, Inc. v. Local 38 of the Sheet Metal Workers Int'l Ass'n, 208 F.3d 18, 22 (2d Cir. 2000). As the Second Circuit has noted:

> "The propriety of issuing a declaratory judgment may depend upon equitable considerations and is also informed by the teachings and

> experience concerning the functions and extent of federal judicial power." Green v. Mansour, 474 U.S. 64, 72 (1985) (citation and quotation marks omitted). Among the relevant considerations in exercising discretion is "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005).

Peconic Baykeeper, Inc. v. Suffolk County, 600 F.3d 180, 187 (2d Cir. 2010).

Accepting the Complaint's allegations as true, Counts I and II fail to state a plausible claim for declaratory relief relating to Art-Optic's copyrights.

Count I seeks a declaration that the Matisse frames "in fact do not infringe upon any valid copyright rights of the Defendant." (Compl't ¶ 24.) The Complaint does not describe the Matisse product line, or the differences and similarities between the Matisse eyeglass frames and the Ronit Furst frames. The Complaint alleges only that both parties sell "hand painted eyeglass frames," and that the Matisse frames are "fashion forward" based on their "outstanding colors with contemporary styling." (Compl't ¶¶ 1-2, 7.) The Court accepts the truth of these characterizations. Even so, Count I does not plausibly allege why the Matisse line does not infringe the Ronit Furst line. It is silent as to the design of the Matisse product line and how the design elements compare with those of Ronit Furst. There are no allegations that go to whether the Matisse brand lines were "independently created" with "at least some minimal degree of creativity," Scholz Design, Inc., 691 F.3d at 186, or whether Newlight did or did not copy any of Art-Optic's protectable elements, thereby infringing (or not) Art-Optic's exclusive rights. Arista Records, 604 F.3d at 117. The Complaint attaches, at Exhibit A, approximately 27 different products for which Art-Optic has registered copyrights, without identifying a single point of comparison between those products and those of Newlight. Newlight has offered no examples of its products and does not allege that it has registered copyrights for any of its designs. Thus,

- 6 -

even accepting plaintiff's allegations as true, the Complaint is bereft of details concerning the Matisse eyeglass frames. It is so lacking in detail as to which of Newlight's products are at issue and the design elements of those products as to fail to state a claim for relief.

Count II seeks a declaration that Art-Optic's "purported copyright rights, if any, are invalid and/or unenforceable under United States law." (Compl't ¶ 30.) Again, the Complaint fails to make any allegations that support a conclusion that Art-Optic lacks a valid and/or enforceable copyright. Indeed, as noted, the Complaint itself attaches proof of approximately 27 registered copyrights for Art-Optic's Ronit Furst frames. (Compl't Ex. A.) "A certificate of copyright registration is prima face evidence of ownership of a valid copyright, but the alleged infringer may rebut that presumption." Scholz Design, Inc., 691 F.3d at 186. The Complaint contains no allegations that attempt to rebut this presumption, or any other allegations that plausibly contend that defendant's copyrights for the Ronit Furst frames are somehow invalid and/or unenforceable. If anything, by alleging and attaching evidence of Art-Optic's copyright registrations, the plaintiff has established a rebuttable presumption of the validity of defendant's copyrights.

Counts I and II do not plausibly allege claims for declaratory relief and therefore are dismissed. Because I conclude that the Complaint fails to state a federal claim for relief, I need not reach defendant's arguments concerning inadequate service of process or the res judicata effect of the Tel Aviv Action.

II.     The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's Tortious Interference Claim.

As noted, the Complaint invokes federal subject matter jurisdiction on the basis of exclusive federal subject matter jurisdiction over copyright disputes, 28 U.S.C. § 1338. (Compl't ¶ 5.) It does not invoke diversity jurisdiction.[2]

The Court declines to exercise supplemental jurisdiction over plaintiff's remaining claim of tortious interference under New York law. Section 1367 of title 28 of the United States Code governs the exercise of supplemental jurisdiction and states in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Section 1367(c)(3) states that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Although section 1367(c)(3) is couched in permissive terms, the Second Circuit has made clear that the Court's discretion "is not boundless." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity – the 'Cohill factors.'" Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

---

[2] The plaintiff is identified as an LLC, and its membership is not alleged. (Compl't ¶ 1.) Defendant is identified only as "a company located in Israel." (Compl't ¶ 2.)

under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.

Here, plaintiff's federal claims have been dismissed and none of the Cohill factors supports the exercise of supplemental jurisdiction over plaintiffs remaining claim. I therefore decline to exercise supplemental jurisdiction over plaintiff's state-law claim.

III.   The Clerk Is Directed to Enter Judgment for the Defendant.

In a letter dated October 3, 2013, defendant wrote the Court explaining its proposed basis for moving to dismiss the plaintiff's initial complaint. Among other grounds, it noted that plaintiff's claims for declaratory relief failed to adequate identify which copyrights the plaintiff was disputing. The letter stated in part:

> The complaint leaves one entirely at a loss as to what, specifically, is Newlight's supposed gripe. Newlight purports to seek a declaration as to the validity and enforceability of "Defendant's copyrights, if any." Nowhere, however, does Newlight ever even attempt to identify what specific copyrights are the subject of its suit. As noted, Art-Optic has registered numerous copyrights in the United States. Which such copyright or copyrights are subject of the suit? How can Art-Optic reasonably be expected to respond when the complaint nowhere even says?

(10/3/13 Letter at 2.) Plaintiff responded in a letter dated October 14, 2013. (Docket # 6.) In an Order that followed a pretrial conference of October 16, 2013, the Court granted plaintiff leave to "amend its complaint to address the asserted deficiencies in defendant's correspondence." (Docket # 7.) The Court also set a schedule for the defendant's anticipated motion to dismiss. (Docket # 7.) Having reviewed the proposed basis for defendant's contemplated motion to dismiss, the plaintiff filed its Amended Complaint on October 31, 2013. (Docket # 10.)

Thus, prior to filing the Amended Complaint, the plaintiff had been alerted to the same deficiencies that ultimately have led to the dismissal of its claims for declaratory relief. The defendant articulated these infirmities in a letter to the Court that was copied to the plaintiff, and the contents of the original complaint were discussed in a pretrial conference with the Court. The plaintiff, however, filed an Amended Complaint that failed to cure the basic defects that had been called to its attention. Moreover, in opposing the motion to dismiss, the plaintiff does not request leave to amend in the event that the defendant's motion is granted.

In light of the foregoing, entry of judgment in favor of the defendant is appropriate.

CONCLUSION

Defendant's motion to dismiss is GRANTED. (Docket # 14.)

The Clerk is directed to terminate the motion and enter judgment for the defendant.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 5, 2014